Alexander E. Sendrowitz, Esq.
*Partner*
Direct Dial 631.652.6122
aes@qclaw.com

# QUATELA | CHIMERI PLLC

November 14, 2022

<u>VIA ECF</u>
Hon. Gary R. Brown
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      RE:    <u>Dawn Corrigan v. Town of Brookhaven, et al.</u>
                <u>Docket No. 22-cv-04688 (GRB)(ARL)</u>

Dear Judge Brown:

      This firm represents Defendants Town of Brookhaven, Theresa Trejo, Ed Romaine, and Neil Foley (collectively, the "Defendants"), in the above-referenced matter. We write, pursuant to Rule II(f)(1) of the Court's Individual Rules, to respectfully request a pre-motion conference to seek leave of the Court to file a motion to dismiss Plaintiffs' Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), which asserts eight Causes of Action regarding the Town's August 11, 2019 condemnation of the residence located at 59 Chestnut Avenue, Patchogue, New York (the "Residence").

      The Complaint alleges two theories of deprivation of property. First, Plaintiffs allege that Defendants unconstitutionally deprived them of the use of their home. Second, they allege that Defendants unconstitutionally deprived them of the personal belongings that remained in their home after Plaintiffs were removed.[1] Plaintiffs fail to state a claim of deprivation of property under either theory, however, because they have not adequately alleged that any such deprivation occurred without due process and the Second and Third Causes of Action should be dismissed.

      "In assessing whether a deprivation of property 'was effected without due process,' courts distinguish between (a) claims based on established state procedure and (b) claims based on random, unauthorized acts by state employees." <u>Palmer v. City of New York</u>, 564 F.Supp.3d 221, 247 (E.D.N.Y. 2021). "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy." <u>Id</u>. at 247-248.

---

[1] The Complaint's Sixth Cause of Action for Excessive Punishment in violation of the Eighth Amendment should be dismissed and analyzed under their Fourth Amendment seizure claim. <u>Makas v. Miraglia</u>, No. 07-CV-4470, 300 Fed.Appx. 9, 10, 2018 WL 4820557 at *1 (2d Cir. Nov. 5, 2018) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth...Amendment, the claim must be analyzed under the standard appropriate to that specific provision.").

**Attorneys and Counsellors at Law**
888 Veterans Memorial Highway, Suite 530 • Hauppauge, New York 11788
t. 631.482.9700 | f. 631.482.9707

320 Old Country Road, Suite 206 • Garden City, New York 11530
t. 516.444.4200 | f. 516.4444201



      Here, in both instances, the Complaint alleges deprivations stemming from alleged "random and unauthorized" acts. Specifically, the Complaint alleges that Defendants' actions were "illegal and improper," that Defendants did not "follow any of the town code provisions," "nor did they follow the proper procedures to lawfully condemn the property and remove the plaintiffs from their home." (DE No. 1, ¶¶ 1, 39, 40). Notably, the Complaint fails to allege that Plaintiffs were not provided any "meaningful post-deprivation remedy," except the conclusory allegation that the "plaintiffs were not afforded any federal procedural due process protections..." (DE No. 1, ¶ 39). "Courts in this circuit have consistently held that such threadbare allegations fall short in the absence of any facts indicating that the post-deprivation process available in New York courts for unauthorized deprivations of property were inadequate." Palmer, 564 F.Supp.3d at 248; *see* G.I. Home Developing Corp. v. Weis, 499 F. App'x 87, 89 (2d Cir. 2012) (stating that "an Article 78 proceeding is sufficient post-deprivation process for an unauthorized deprivation of property" in New York state court); *see also* Calley v. Town of Cortlandt, No. 19-CV-5453, 2019 WL 11880434, at *4 (S.D.N.Y. July 8, 2019) (holding that plaintiffs failed to state procedural due process claim based on their allegedly unlawful ejection from their residence because plaintiffs "ma[d]e no allegation that the procedures available to them under state law were inadequate").

      The Complaint's First Cause of Action for unlawful entry and search should be dismissed, in part, pursuant to the doctrine of collateral estoppel. In a December 16, 2021 decision in People of the State of New York (Town of Brookhaven v. Dawn M. Corrigan, Docket No. CR-02668-19BR, the Suffolk County District Court, Sixth District, concluded that Tyler Meoli – a tenant of the Residence residing in the basement – "gave the Town representative free and voluntary consent...for a search." Therefore, the First Cause of Action – relating to the basement of the Residence -- must be dismissed. With regard to the rest of the Residence pertaining to the Complaint's First Cause of Action, Trejo is entitled to qualified immunity based upon the tenant's apparent authority.

      The Complaint's Fourth Cause of Action for Abuse of Process pursuant to 42 U.S.C. § 1983 should be dismissed because it alleges *civil* abuse of process. Keller v. Schoharie County Department of Social Services, No. 19-CV-662, 2020 WL 1493916, at *6 (March 27, 2020) ("[S]ection 1983 liability...may not be predicated on a claim of malicious abuse of...*civil* process."). Moreover, the allegations in the Complaint do not constitute "process" for the purposes of abuse of process and the condemnation was used for its intended purpose.

      The Complaint's Seventh and Eighth Causes of Action allege various state law claims, all of which should be dismissed for Plaintiffs' failure to comply with New York State's General Municipal Law. First, upon information and belief, Plaintiff Amber Corrigan failed to file a timely notice of claim. Even if she did, however, she failed to commence this action within one year and ninety days after the happening of the event which the claim is based (Aug. 11, 2019). *See* N.Y. Gen. Mun. Law 50-i(1); *see also* Russell v. County of Nassau, 696 F.Supp.2d 213, 245 (E.D.N.Y. 2010). Moreover, while Plaintiffs Dawn Corrigan and Caitlin Corrigan served the Town with a notice of claim on November 12, 2019, they too failed to commence this action within one year and ninety days of August 11, 2019.

      The Complaint's Fifth Cause of Action – a Monell claim -- for Failure to Properly Train or Supervise, pursuant to 42 U.S.C. § 1983, should be dismissed because "...[Plaintiffs] have not sufficiently alleged that they suffered constitutional violations as a result of 'an official policy or custom.'" Palmer, 564 F.Supp.3d at 241.

      Finally, the Complaint fails to sufficiently allege that either Romaine or Foley violated Plaintiffs' constitutional rights through their own individual actions. Therefore, the federal claims asserted against those Defendants should be dismissed. *See* Peters v. New York State, No. 22-CV-6373, 2022 WL 167000292 at *2 (W.D.N.Y. Nov. 2, 2022).

      Very truly yours,

      *Alexander Sendrowitz*
      ALEXANDER E. SENDROWITZ

Cc:    All Counsel, *via ECF*