# The Law Office of Aaron C. DePass
==============================================================================
Aaron C. DePass, Attorney at Law
300 CADMAN PLAZA WEST, 12TH FLOOR
BROOKLYN, NEW YORK 11201
-------------------------------------------------------
TEL: (718) 775-5264
FAX: (469) 202-4587
Email: attydepass@gmail.com

**November 29, 2022**
*Via Electronic Case Filing*
Hon. Gary R. Brown
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    **Corrigan et.al. v. Town Of Brookhaven et.al. 22-cv-4688 (GRB)(ARL)**
              **Letter response to defendants' Pre-Motion Conference Request**

Dear Judge Brown,

      Pursuant to the Court's instruction, and in accordance with the Court's Individual Practices and Rules, plaintiffs provide this response and opposition to the Town of Brookhaven ("TOB") defendants' Pre-Motion Conference Request. I am counsel for the plaintiffs in the above-referenced action and provide the following for the Court's consideration.

      The defendants initially assert that the due process claim in this matter involves "random unauthorized acts of state employees." However, condemnation by a town building inspector is not such an act. State law establishes complete procedures for the entire process. Here, the building inspector, defendant Trejo, with the full knowledge and support of the TOB, has completely removed all pre-deprivation procedures from her actions. According to procedure, there is to be an inspection of the subject premises by an engineer, and then those findings are to be brought before the town board, and a hearing is held to determine if condemnation is warranted. Defendant Trejo, with the knowledge and support of the TOB has deprived plaintiffs of that process which resulted in actual harm to the plaintiffs.

      Defendants argument that plaintiffs' 4th Amendment claims are subject to collateral estoppel is unpersuasive. Defendants posit that an interim order from a pre-trial motion in the county district court provides for the application of the doctrine. It does not. The matter of the Town of Brookhaven v. Dawn Corrigan Docket No. CR-02668-19 is still pending in the Suffolk County 6th District Court, with a trial scheduled to begin in December 2022. Also significant is the fact that the same Suffolk County district court order referenced in defense counsel's moving paper decided that defendant Trejo did not have authority to enter the entire upper portion of the plaintiffs' home and dismissed all violations related to the upper portion of the home. Further, the testimony of Tyler Meoli ("Meoli") as well as video evidence indicated that he had moved

out of the residence prior to the date in question and therefore could not have provided authority for defendant Trejo to enter the basement or any portion of the plaintiffs' home. And further still, in the Peoples' opposition motion to suppress evidence, Trejo never claimed that she was granted any authority by Meoli. To the contrary, defendant Trejo falsely claimed that she was escorted through the plaintiffs' entire property by a homeowner. However, a video of her at the residence on that day dispelled that false claim, and hence the new claim that Meoli gave defendant Trejo permission to enter the plaintiffs' basement was born. Plaintiffs assert that an interim order allowing partial access to plaintiffs' basement is insufficient to establish collateral estoppel to any part of plaintiffs' 4th Amendment claim. Lastly, defendant Trejo is not entitled to qualified immunity. She has been caught in several instances giving false testimony regarding the basis of her entering the plaintiffs' home. She is seen on video falsely telling plaintiff Caitlin Corrigan that the posting of a condemnation notice on the home effectively seized the home, and gives her complete authority to enter and search the plaintiffs' entire home. It is more than a stretch to suggest that defendant Trejo did not violate plaintiffs' clearly established 4th Amendment rights.

With regard to plaintiffs' Abuse of Process claim, defendants argue that abuse of civil process cannot form the basis of the claim. However, defendants are misinterpreting the legal theory. While courts have held that abuse of legal process (court proceedings themselves) may not form the basis of an abuse of process claim, the facts as alleged in plaintiffs' complaint fall squarely within a viable abuse of process claim. See *Smith v. Nassau County*, CV 10-4874 (E.D.N.Y.) Here, it is alleged that defendant Trejo has initiated the regularly issued process of condemnation, with intent to do harm without justification, in order to obtain the collateral objective of eviction, which is outside the legitimate ends of condemnation.

Defendants' argument that plaintiffs' fifth cause of action (Monell claims) should also be dismissed is equally unpersuasive. It is specifically alleged along with other facts that plaintiff Dawn Corrigan personally confronted defendants Romain and Foley regarding the illegal actions of defendant Trejo and both defendants indicated their support for her actions. Additionally, plaintiffs note that they will seek to amend the plaintiffs' complaint to include a customs and practice Monell claim. While that claim was inadvertently omitted from the original pleadings, the facts supporting the claim are clearly alleged in the pleading.

Defendants' argument that the allegations against defendants Romain and Foley are not sufficient is also unavailing. Defendants Romain and Foley are the superiors of defendant Trejo. They specifically and directly affirmed their support of the illegal actions taken by defendant Trejo against the plaintiffs, thus they are rightfully named in the action.

Lastly, in a foot note, defendants claim that plaintiffs' sixth cause of action for excessive punishment in violation of plaintiffs' Eighth Amendment protections should be dismissed because that claim is covered by the plaintiffs' Fourth Amendment claim. Plaintiffs' assert that the pleading is proper as an alternative theory of recovery.

                                                                                           Respectfully submitted,
                                                                                           /s/ *Aaron C. DePass*
                                                                                           Aaron C. DePass, Esq.

Cc: All parties via ECF