UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN CORRIGAN, CAITLIN CORRIGAN, and AMBER CORRIGAN,<br><br>Plaintiffs,<br><br>-against-<br><br>TOWN OF BROOKHAVEN, THERESA TREJO, ED ROMAINE, and NEIL FOLEY,<br><br>Defendants. | Docket No. 22-cv-04688 (GRB)(ARL) |

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Quatela | Chimeri PLLC
*Attorneys for Defendants*
888 Veterans Memorial Hwy., Ste. 530
Hauppauge, New York 11788
631-482-9700

# **TABLE OF AUTHORITIES**

**CASES**

Blown ex rel. Estate of Pouliot v. Spitzer,
356 F.3d 348, 363 n. 9 (2d Cir.2004)……………………………………………………..2

Calley v. Town of Cortlandt,
No. 19-CV-5453, 2019 WL 11880434, at *4 (S.D.N.Y. July 8, 2019)……………………………6

Contractors Against Unfair Taxation Instituted on New Yorkers v. City of New York,
No. 93-CV4718, 1994 WL 455553, at *8 (S.D.N.Y. Aug. 18, 1994)……………………………..4

deVere Grp. GmbH v. Opinion Corp.,
877 F.Supp.2d 67, 70 (E.D.N.Y.2012)……………………………………………………….1

Di Giovanna v. Beth Israel Med. Cir.,
651 F.Supp.2d 193, 208 (S.D.N.Y.2009)…………………………………………………….2

Dineen ex rel. Dineen v. Stramka,
228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002)…………………………………………………..2

Elektra Entertainment Group, Inc. v. Santangelo,
2008 WL 4452393 (S.D.N.Y. Oct. 1, 2008)……………………………………………………3

Faga v. Faga, No. 08-CV-11229 (CS),
2010 WL 11712776 (S.D.N.Y. March 5, 2010)……………………………………………….4

Flannery v. City of Rochester, 22-CV-6062, 2022 WL 2356635, at *9 (W.D.N.Y. June 30,
2022)……………………………………………………………………………………3

G.I. Home Developing Corp. v. Weis,
499 F. App'x 87, 89 (2d Cir. 2012)……………………………………………………….5

Jackie's Enterprises, Inc. v. Belleville,
165 A.D.3d 1567, 1572-73 (3d Dep't 2018)……………………………………………………3

Jackson v. Federal Exp.,
766 F.3d 189, 198 (2d Cir.2014)……………………………………………………………..2

Moccio v. Cornell Univ.,
No. 09–CV–3601 (GEL), 2009 WL 2176626, at *4 (S.D.N.Y. July 21, 2009)…………………..1

Palmer v. City of New York,
564 F.Supp.3d 221, 247 (E.D.N.Y. 2021)……………………………………………………5

Rizk v. City of New York,
462 F.Supp.3d 203, 229 (E.D.N.Y. 2020)……………………………………………………3

Simon v. City of New York,
2015 WL 4092389, at *2 (S.D.N.Y. July 6, 2015)……………………………………………1

Smith v. NYC Dep't of Educ.,
No. 09–CV–9256 (DLC), 2011 WL 5118797, at *6 n. 8 (S.D.N.Y. Oct. 28, 2011)……………….2

Warr v. Liberatore,
270 F. Supp. 3d 637, 655 (W.D.N.Y. 2017)……………………………………………………….3

**STATUTES**

Fed. R. Civ. P. 59(e)………………………………………………………………………………….4

Local Civ. R. 6.3…………………………………………………………………………………..4

Defendants Town of Brookhaven (the "Town"), Theresa Trejo, Ed Romaine, and Neil Foley (collectively, the "Defendants"), respectfully submit this memorandum of law in further support of their partial motion to dismiss Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

### I. PLAINTIFFS' CLAIMS FOR ILLEGAL EVICTION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED

The instant motion seeks to dismiss, *inter alia*, the Complaint's seventh cause of action for illegal eviction and eighth cause of action (in part) for intentional infliction of emotion distress. (D. Mem. of Law, p. 3-4, 7-9). Seemingly acknowledging these claims lack merit and are barred by the applicable statute of limitations, Plaintiffs failed to respond Defendants' arguments. It is well settled that when a party fails to contest or otherwise respond to a movant's contention, those claims shall be deemed abandoned. *See* Simon v. City of New York, 2015 WL 4092389, at *2 (S.D.N.Y. July 6, 2015) ("Although the discussion in Defendants' memorandum otherwise focused on Section 1983, those references put Plaintiffs on notice that Defendants were seeking dismissal of their state-law claims against the Parkchester Entities. It follows that, whether or not Defendants' arguments had merit, it was Plaintiffs' obligation to address the issue, on pain of their claim being deemed abandoned."); *see also* Moccio v. Cornell Univ., No. 09–CV–3601 (GEL), 2009 WL 2176626, at *4 (S.D.N.Y. July 21, 2009) ("Whatever the merit of [the defendants'] argument [for dismissal], plaintiff has abandoned the ... claim, as her motion papers fail to contest or otherwise respond to [the] defendants' contention."), aff'd, 526 F. App'x 124 (2d Cir.2013); deVere Grp. GmbH v. Opinion Corp., 877 F.Supp.2d 67, 70 (E.D.N.Y.2012) (deeming two causes of action abandoned because the "defendants move to dismiss [the plaintiff's] complaint in its entirety" and the plaintiff did not address those causes of action in opposing the defendants' motion to dismiss,

despite the fact that the defendants had not discussed the elements of these two claims); Jackson v. Federal Exp., 766 F.3d 189, 198 (2d Cir.2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to a motion for summary judgment] that relevant claims or defenses that are not defended have been abandoned."); *see* Blown ex rel. Estate of Pouliot v. Spitzer, 356 F.3d 348, 363 n. 9 (2d Cir.2004) ("Although mentioning her other state-law claims ... Blouin provides no argument concerning them. Consequently, we consider them abandoned."); Smith v. NYC Dep't of Educ., No. 09–CV–9256 (DLC), 2011 WL 5118797, at *6 n. 8 (S.D.N.Y. Oct. 28, 2011) ("The BOE has requested summary judgment on the merits on each of Smith's claims.... In opposition to the motion, Smith only argues against the dismissal of the First Amendment claim. Smith has thereby abandoned the remainder of his claims" (citing Blouin, 356 F.3d at 363 n. 9)), aff'd, 524 F. App'x 730 (2d Cir.2013); Di Giovanna v. Beth Israel Med. Cir., 651 F.Supp.2d 193, 208 (S.D.N.Y.2009) (ruling that a plaintiff abandoned a claim because he "made no attempt to rebut defendants' motion for summary judgment on this point.... Indeed his opposition papers do not even mention the claim.").

As such, the Court should dismiss the Complaint's seventh cause of action for wrongful eviction and eighth cause of action (in part) for intentional infliction of emotional distress.

II. **PLAINTIFFS' NEGLIGENCE CLAIMS SHOULD BE DISMISSED**

As noted in Defendants' moving papers, "[w]hen a plaintiff asserts ... claims which are premised upon a defendants' allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie." Warr v. Liberatore, 270 F. Supp. 3d 637, 655 (W.D.N.Y. 2017) (quoting Dineen ex rel. Dineen v. Stramka, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002)). While Plaintiffs suggest that the Complaint's eighth cause of action for negligence and negligent infliction of emotional distress are viable as alternate theories if it is "determined that defendant TREJO simply

made an error judgment," (P. Mem. of Law, p. 3), they do not dispute the fact that these claims derive from Trejo's alleged intentional conduct. As such, Plaintiffs' claim for negligence and negligent infliction of emotional distress fails as a matter of law. *See* Rizk v. City of New York, 462 F.Supp.3d 203, 229 (E.D.N.Y. 2020) ("Although a plaintiff is 'generally permitted to plead different causes of action in the alternative, District Courts in this Circuit have held that when a plaintiff's factual allegations are only consistent with a theory of intentional, or perhaps reckless, conduct, negligence claims must be dismissed.").

Moreover, Plaintiffs fail to allege that Trejo, acting in her capacity as a Town Building Inspector, owed them a special duty of care. *See* Flannery v. City of Rochester, 22-CV-6062, 2022 WL 2356635, at *9 (W.D.N.Y. June 30, 2022).

### III. PLAINTIFFS' CLAIM FOR TRESPASS TO CHATTELS SHOULD BE DISMISSED

As further detailed in Defendants' moving papers, "[l]iability for trespass to chattels will be imposed only if the interference results in harm to the physical condition, quality or value of the chattel or if the owner is deprived of the use of the chattel for a *substantial time*." Jackie's Enterprises, Inc. v. Belleville, 165 A.D.3d 1567, 1572-73 (3d Dep't 2018) (emphasis added). There is no allegation in the Complaint (or in Plaintiffs' opposition) of injury in the form of "harm to the condition, quality or material value" of any alleged personal property. Therefore, the only way that Defendants can be held liable is if the alleged interference resulted in deprivation of the use of the chattel for a substantial period of time. *See* Elektra Entertainment Group, Inc. v. Santangelo, 2008 WL 4452393 (S.D.N.Y. Oct. 1, 2008). Considering the uncontroverted legal standard, it is curious how Plaintiffs can take the position that "[i]t is not a defense to that interference to say that the entire contents of your home were only lost for a short period time." (P. Mem. of Law, p. 3).

Notwithstanding the foregoing, Plaintiffs' conclusory assertions and failure to delineate what personal property was allegedly interfered with is insufficient. *See* Faga v. Faga, No. 08-CV-11229 (CS), 2010 WL 11712776 (S.D.N.Y. March 5, 2010); *see also* Contractors Against Unfair Taxation Instituted on New Yorkers v. City of New York, No. 93-CV4718, 1994 WL 455553, at *8 (S.D.N.Y. Aug. 18, 1994). Plaintiffs appear to concede this fact as they seek permission to amend the Complaint. (P. Mem. of Law, p. 3).

### IV. THE COURT SHOULD DISREGARD PLAINTIFFS' PURPORTED MOTION TO RECONSIDER ITS MARCH 1, 2023 DECISION TO DISMISS THE COMPLAINT'S THIRD CAUSE OF ACTION FOR ALLEGED DUE PROCESS VIOLATION

Without seeking permission in accordance with the Court's Individual Rules and Practices, filing a proper cross-motion, or citing to any procedural authority, Plaintiffs now request the Court reconsider its March 1, 2023 dismissal of the Complaint's Third Cause of Action for the alleged violation of the Due Process Clause (entered March 2, 2023). Even if the Court were to treat Plaintiffs' request as a *de facto* cross-motion, the application is untimely under Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e).

Local Civil Rule 6.3 provides in pertinent part as follows:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. Proc. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

*See* Local Civ. R. 6.3. Further, Fed. R. Civ. P. 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiffs opposition was served on April 23, 2023 -- 52 days after entry of the Order -- thereby rendering it untimely under either Rule 59(e) or Local Civil Rule 6.3.

Even if the Court were to reconsider its Decision and Order, which it should not, Plaintiffs fail to address Defendants' initial arguments. Indeed, it was argued that the Complaint alleges two theories of deprivation of property without due process. First, Plaintiffs allege that Defendants unconstitutionally deprived them of the use of their home. Second, they allege that Defendants unconstitutionally deprived them of the personal belongings that remained in their home after Plaintiffs were removed. "In assessing whether a deprivation of property 'was effected without due process,' courts distinguish between (a) claims based on established state procedure and (b) claims based on random, unauthorized acts by state employees." Palmer v. City of New York, 564 F.Supp.3d 221, 247 (E.D.N.Y. 2021). "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy." Id. at 247-248.

Here, in both instances, the Complaint alleges deprivations stemming from alleged "random and unauthorized" acts. Specifically, the Complaint alleges that Defendants' actions were "illegal and improper," that Defendants did not "follow any of the town code provisions," "nor did they follow the proper procedures to lawfully condemn the property and remove the plaintiffs from their home." (DE No. 1, ¶¶ 1, 39, 40). Notably, both the Complaint and Plaintiffs' opposition fail to allege that Plaintiffs were not provided any "meaningful post-deprivation remedy," except the conclusory allegation that the "plaintiffs were not afforded any federal procedural due process protections..." (DE No. 1, ¶ 39). "Courts in this circuit have consistently held that such threadbare allegations fall short in the absence of any facts indicating that the post-deprivation process available in New York courts for unauthorized deprivations of property were inadequate." Palmer, 564 F.Supp.3d at 248; see G.I. Home Developing Corp. v. Weis, 499 F. App'x 87, 89 (2d Cir. 2012) (stating that "an Article 78 proceeding is sufficient postdeprivation process for an

unauthorized deprivation of property" in New York state court); *see also* Calley v. Town of Cortlandt, No. 19-CV-5453, 2019 WL 11880434, at *4 (S.D.N.Y. July 8, 2019) (holding that plaintiffs failed to state procedural due process claim based on their allegedly unlawful ejection from their residence because plaintiffs "ma[d]e no allegation that the procedures available to them under state law were inadequate").

Finally, the Court already opined on Plaintiffs' attempt to rely upon Perkowski v. Town of Brookhaven to support their due process claim and disregarded the same.

## CONCLUSION

WHEREFORE, it is respectfully requested that an Order be issued pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the within action in its entirety; together with such other and further relief in Defendants' favor as this Court deems just and proper.

Dated: Hauppauge, New York
April 27, 2023

QUATELA | CHIMERI PLLC

By: *Alexander Sendrowitz*
Alexander E. Sendrowitz, Esq.
*Attorneys for Defendants*
888 Veterans Memorial Hwy., Ste. 530
Hauppauge, New York 11788
(631) 482-9700