UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DAWN CORRIGAN, CAITLIN CORRIGAN, and
AMBER CORRIGAN,

                              Plaintiffs,

        -against-

TOWN OF BROOKHAVEN, THERESA TREJO,
ED ROMAINE, and NEIL FOLEY,

                              Defendants.

----------------------------------------------------------------X

**FILED**
**CLERK**
4:32 pm, Oct 24, 2023
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM &
ORDER**
CV 22-4688 (GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

        Presently before the Court is defendants' partial motion to dismiss under Fed. R. Civ. P.

12(b)(6).  Docket Entry ("DE") 16.  For the reasons stated below, that motion is **GRANTED** in

part and **DENIED** in part.

        **BACKGROUND**

        Plaintiffs Dawn, Amber, and Caitlin Corrigan, (collectively "plaintiffs") bring this action

against defendants Town of Brookhaven (the "Town"), its employee Theresa Trejo, and two of

its elected officials, Ed Romaine and Neil Foley (collectively "defendants") based on alleged

constitutional violations and state law torts arising out of the Town's condemnation of plaintiffs'

residence in 2019.  *See generally* Compl., DE 1.  Plaintiffs, a family of three, resided at 59

Chestnut Avenue in Patchogue, New York from 2006 until 2019.  *See id.* ¶¶ 18-19.  On August

11, 2019, a Suffolk County police officer visited plaintiffs' home to respond to a 911 call

concerning an attempted break-in by a former tenant when plaintiff Caitlin was home alone.  *Id.*

¶¶ 19-20.  After resolving the situation, the police officer called defendant Trejo, who allegedly

entered plaintiffs' home without permission, placed a notice of condemnation on the door, and informed plaintiff Caitlin that no one was permitted to reside there. *See id.* ¶¶ 22-31.  Plaintiffs state that they were denied access to their home for "more than a day."  *Id.* ¶ 36.

Plaintiffs allege that there was no legitimate basis for the condemnation, which was actually effected to force plaintiffs from their home.  *Id.* ¶¶ 38-41.  They further allege that the Town has a policy of performing similar condemnations amounting to illegal evictions and that the Town failed to properly train, supervise, or control its employees, including Trejo.  *Id.* ¶¶ 42-55.  Plaintiffs commenced the instant suit on August 9, 2022, bringing both state and federal law claims.  On March 1, 2023, the Court conducted a telephonic pre-motion conference regarding defendants' anticipated motion to dismiss.  DE 13.  The Court dismissed plaintiffs' third, fourth, and sixth causes of action and instructed the parties to brief the remaining issues.[1]  *Id.*  On April 27, 2023, defendants filed the instant motion, seeking dismissal of five of plaintiffs' state law claims, DE 16-5, and plaintiffs subsequently filed their memorandum in opposition, DE 17-1.[2]

**DISCUSSION**

*Standard of Review*

Motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney*, No. 14-5540 (JFB) (GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *adopted by* 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), and incorporated by reference herein.  The gravamen of that standard, of course, is the question of whether, assuming the allegations of the complaint to be true solely for the

---

[1] Defendants' memorandum in support of their motion to dismiss mistakenly asserts that the Court also dismissed plaintiffs' seventh and eighth causes of action, which are the subject of the instant motion.  *See* DE 16-5 at 5.
[2] Defendants' motion does not concern plaintiffs' first and second causes of action (alleging violations of their Fourth Amendment rights), plaintiffs' fifth cause of action (a *Monell* claim based on the Town's alleged failure to train or supervise its employees), or the trespass claim contained within plaintiffs' eighth cause of action.  As such, those claims shall proceed.  *See* DE 16-5 at 5 n.1.

purposes of the motion, the complaint sets forth factual material to render the claims plausible. *See id.*

*Intentional Infliction of Emotional Distress and Illegal Eviction*

These claims may be considered together because they have the same fatal flaw: both are intentional torts and are therefore time-barred under New York Law.  "Section 215(3) of New York's C.P.L.R. imposes a one-year statute of limitations on claims of intentional infliction of emotional distress, and the limitations period begins to run on the date of injury." *Romeo v. Aid to the Developmentally Disabled, Inc.*, No. 11-CV-6340 (JS), 2013 WL 1209098, at *7 (E.D.N.Y. Mar. 22, 2013).  Both federal and state courts have similarly applied the one-year limit to claims of unlawful eviction.  *See, e.g.*, *Thomas v. City of New York*, No. 12-CV-5061 (FB), 2013 WL 3810217, at *7 (E.D.N.Y. July 23, 2013); *Stewart v. GDC Tower at Greystone*, 138 A.D.3d 729, 730 (2d Dep't 2016).

In this case, the date of injury was August 11, 2019, when defendant Trejo entered and condemned plaintiffs' home.  *See* DE 1 at ¶ 20.  However, because plaintiffs did not file the instant action until almost three years later, on August 9, 2022, both of plaintiffs' state law intentional tort claims are time-barred.  Plaintiffs do not appear to contest that the one-year statute of limitations has expired in their memorandum in opposition to defendants' motion.  *See generally* DE 17-1.  Accordingly, plaintiffs' seventh cause of action for illegal eviction and eighth cause of action as it pertains to intentional infliction of emotional distress are dismissed.

*Negligence and Negligent Infliction of Emotional Distress*

Although the complaint is rife with allegations of intentional tortious conduct, the eighth cause of action also includes claims for negligence and negligent infliction of emotional distress. *See* DE 1 ¶¶ 97-101.  There is ordinarily no issue with pleading multiple causes of action in the

alternative, but New York courts have routinely held that "allegations of intentional conduct . . . cannot form the basis of a cause of action sounding in negligence." *Trayvilla v. Japan Airlines*, 178 A.D.3d 746, 747 (2d Dep't 2019).  This pleading limitation prevents plaintiffs from bringing time-barred intentional tort claims by recasting them as negligence claims governed by a longer statute of limitations.  *See, e.g.*, *McDonald v. Riccuiti*, 126 A.D.3d 954, 955 (2d Dep't 2015) ("plaintiff could not avoid the running of the limitations period merely by attempting to couch the causes of action as sounding in negligence").  Federal district courts have applied the same rule in cases involving New York tort law.  *See, e.g.*, *Lozada v. Weilminster*, 92 F. Supp. 3d 76, 107 (E.D.N.Y. 2015) ("when a plaintiff's factual allegations are 'only consistent with a theory of intentional, or perhaps reckless, conduct,' negligence claims must be dismissed") (quoting *Eze v. City Univ. of New York at Brooklyn Coll.*, No. 11-CV-2454 (JG) (CLP), 2011 WL 6780652, at *6 (E.D.N.Y. Dec. 27, 2011)).

The allegations in the complaint, which suggest a targeted pattern of home condemnations approved by the Town's leadership, can only provide the basis for one or more intentional torts, and as noted above, the one-year statute of limitations for intentional torts expired well before the case was filed.  Permitting plaintiffs to maintain a negligence action here would essentially create an end-run around the statute of limitations, which has been consistently rejected by New York courts.  *See McDonald*, 126 A.D.3d at 955.  Given that "[t]his Court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion," plaintiffs' state law claims of negligence and negligent infliction of emotional distress are dismissed.  *See*

*V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).[3]

*Trespass to Chattels*

Finally, plaintiffs assert a trespass to chattels claim based on the "more than a day" they were denied access their personal property following the condemnation. DE 1 ¶ 36. Defendants argue that plaintiffs are required to allege that the deprivation lasted for a "substantial time" and that a single day is simply too brief, as a matter of law, to maintain an action for trespass to chattels. *See* DE 16-5 at 5-6. Defendants' theory indicates a misunderstanding of the law. In New York, the requirements for a trespass to chattels action stem from the Restatement (Second) of Torts. *See, e.g.*, *Jackie's Enters., Inc. v. Belleville*, 165 A.D.3d 1567, 1572-73 (3d Dep't 2018); *Hecht v. Components Int'l, Inc.*, 867 N.Y.S.2d 889, 894 (Sup. Ct. 2008). The relevant provision reads:

> One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if,
> (a) he dispossesses the owner of the chattel, or
> (b) the chattel is impaired as to its condition, quality, or value, or
> (c) the possessor is deprived of the use of the chattel for a substantial time

Restatement (Second) of Torts § 218. As expressed above, the "substantial time" requirement applies only if the property owner is deprived solely of the *use* of the chattel; if the owner has instead been dispossessed of the property entirely, no particular length of time need be alleged. Here, plaintiffs assert that they were dispossessed of all the items in their home when it was condemned, which is sufficient to state a cause of action for trespass to chattels. *See* DE 1 ¶¶ 35-36. Accordingly, defendants' motion to dismiss is denied as to that claim.

---

[3] Even if plaintiffs were permitted to pursue these claims and ultimately proved that defendants acted negligently, that finding would likely prove fatal to their constitutional causes of action, as "[a] claim that a state actor acted negligently does not state a deprivation of constitutional rights." *Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996).

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED** as to plaintiffs'

illegal eviction, intentional infliction of emotional distress, negligence, and negligent infliction of

emotional distress claims.  Defendants' motion to dismiss is **DENIED** as to plaintiffs' trespass to

chattels claim.  The parties are directed to continue with discovery with the assigned Magistrate

Judge.

**SO ORDERED.**

Dated: Central Islip, New York
      October 24, 2023


                                          **/s/ Gary R. Brown**
                                          GARY R. BROWN
                                          United States District Judge