UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN CORRIGAN, CAITLIN CORRIGAN, and AMBER CORRIGAN, <br><br> Plaintiffs, <br><br> -against- <br><br> TOWN OF BROOKHAVEN, THERESA TREJO, ED ROMAINE and NEIL FOLEY, <br><br> Defendants. | Docket No. 22-cv-04688 (GRB)(ARL) <br><br> **ANSWER WITH AFFIRMATIVE DEFENSES** |

Defendants Town of Brookhaven (the "Town"), Theresa Trejo, Ed Romaine and Neil Folely (collectively, the "Defendants"), by and through their attorneys, Quatela Chimeri PLLC, allege, as and for their answer, the following:

## NATURE OF THE CLAIM

1. Defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants admit that Theresa Trejo was an employee of the Town on or about August 11, 2019 but deny the remaining allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants respectfully assert that the allegations in paragraph 7 do not necessitate a response. To the extent a response is necessary, the Defendants deny the allegations and respectfully refer all questions of law to the Honorable Court.

## JURISDICTION AND VENUE

8. Defendants deny the allegations in paragraph 8 of the Complaint and respectfully refer all questions of law to the Honorable Court.

9. Defendants deny the allegations in paragraph 9 of the Complaint and respectfully refer all questions of law to the Honorable Court.

## THE PARTIES

10. Defendants deny knowledge or information sufficient to form a belief as to whether DAWN is a resident of the State of New York but deny the remaining allegations in paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to whether CAITLIN is a resident of the State of New York but deny the remaining allegations in paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to whether AMBER is a resident of the State of New York but deny the remaining allegations in paragraph 12 of the Complaint.

13. Defendants admit that Defendant TOB is a town located in Suffolk County but deny the remaining allegations in paragraph 13 of the Complaint and respectfully refer all questions of law to the Honorable Court.

14. Defendants admit that Defendant TREJO is an employee of Defendant TOB but deny the remaining allegations in paragraph 14 of the Complaint and respectfully refer all questions of law to the Honorable Court.

15. Defendants admit that Defendant ROMAINE was the Town Supervisor during the relevant time period but deny the remaining allegations in paragraph 15 of the Complaint and respectfully refer all questions of law to the Honorable Court.

16. Defendants admit that Defendant FOLELY was a Town Councilman during the relevant time period but deny the remaining allegations in paragraph 16 of the Complaint and respectfully refer all questions of law to the Honorable Court.

## JURY DEMAND

17. Defendants respectfully assert that the allegations in paragraph 17 do not necessitate a response.

## FACTS

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendants admit that Trejo appeared at the subject property on or about August 11, 2019 but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint.

20. Defendants admit that Trejo was called to the subject property by the Suffolk County Police but deny the remaining allegations in paragraph 20 of the Complaint.

21. Defendants admit that the Suffolk County Police requested that they appear at the subject property but deny the remaining allegations in paragraph 21 of the Complaint.

22. Defendants admit the allegations in paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Defendants admit that Trejo spoke with the Suffolk County Police Officer but deny the remaining allegations in paragraph 25 of the Complaint.

4855-9792-1675, v. 2

26. Defendants admit that Trejo spoke with an individual at the subject property pertaining to permission to enter the home but deny the remaining allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants admit that condemnation notices were placed on the subject property but deny the remaining allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint and respectfully refer all questions of law to the Honorable Court.

37. Defendants deny the allegations in paragraph 37 of the Complaint and respectfully refer all questions of law to the Honorable Court.

38. Defendants deny the allegations in paragraph 38 of the Complaint and respectfully refer all questions of law to the Honorable Court.

39. Defendants deny the allegations in paragraph 39 of the Complaint and respectfully refer all questions of law to the Honorable Court.

40. Defendants deny the allegations in paragraph 40 of the Complaint and respectfully refer all questions of law to the Honorable Court.

41. Defendants deny the allegations in paragraph 41 of the Complaint and respectfully refer all questions of law to the Honorable Court.

42. Defendants deny the allegations in paragraph 42 of the Complaint and respectfully refer all questions of law to the Honorable Court.

43. Defendants deny the allegations in paragraph 43 of the Complaint and respectfully refer all questions of law to the Honorable Court.

44. Defendants admit that a case entitled Spradly v. Town of Brookhaven is pending but deny the remaining allegations in paragraph 44 of the Complaint.

45. Defendants admit that a case entitled McCrae v. Town of Brookhaven is pending but deny the remaining allegations in paragraph 45 of the Complaint.

46. Defendants admit that a case entitled Perkowski v. Town of Brookhaven was pending but deny the remaining allegations in paragraph 46 of the Complaint.

47. Defendants admit that a case entitled Shea v. Town of Brookhaven is pending but deny the remaining allegations in paragraph 4 of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of whether there is a Facebook group called "Brookhaven Citizens Against Overzealous Code Enforcement" but deny the remaining allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

4855-9792-1675, v. 2

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**4TH AMENDMENT – ILLEGAL ENTRY AND SEARCH**

63. In response to paragraph 63 of the Complaint, Defendants repeat and reallege each admission, denial and denial upon knowledge and information or belief set forth in paragraphs 1 through 62 above with the same force and effect as if more fully set forth at length herein.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

**AND AS FOR A SECOND CLAIM FOR RELIEF**
**4TH AMENDMENT – ILLEGAL SEIZURE**

68. In response to paragraph 68 of the Complaint, Defendants repeat and reallege each admission, denial and denial upon knowledge and information or belief set forth in

paragraphs 1 through 67 above with the same force and effect as if more fully set forth at length herein.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

### AND AS FOR A THIRD CLAIM FOR RELIEF
### 14TH AMENDMENT – DUE PROCESS OF LAW

73. In response to paragraph 73 of the Complaint, Defendants repeat and reallege each admission, denial and denial upon knowledge and information or belief set forth in paragraphs 1 through 72 above with the same force and effect as if more fully set forth at length herein.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

### AND AS FOR A FOURTH CLAIM FOR RELIEF
### ABUSE OF PROCESS – SECTION 1983

78. In response to paragraph 78 of the Complaint, Defendants repeat and reallege each admission, denial and denial upon knowledge and information or belief set forth in paragraphs 1 through 77 above with the same force and effect as if more fully set forth at length herein.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

4855-9792-1675, v. 2

**AND AS FOR A FIFTH CLAIM FOR RELIEF**
**FAILURE TO PROPERLY TRAIN OR SUPERVISE – SECTION 1983**

83. In response to paragraph 83 of the Complaint, Defendants repeat and reallege each admission, denial and denial upon knowledge and information or belief set forth in paragraphs 1 through 82 above with the same force and effect as if more fully set forth at length herein.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

**AND AS FOR A SIXTH CLAIM FOR RELIEF**
**EIGHTH AMENDMENT – EXCESSIVE PUNISHMENT**

87. In response to paragraph 87 of the Complaint, Defendants repeat and reallege each admission, denial and denial upon knowledge and information or belief set forth in paragraphs 1 through 86 above with the same force and effect as if more fully set forth at length herein.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

**AND AS FOR A SEVENTH CLAIM FOR RELIEF**
**ILLEGAL EVICTION – SECTION 768 RPA**

92. In response to paragraph 92 of the Complaint, Defendants repeat and reallege each admission, denial and denial upon knowledge and information or belief set forth in paragraphs 1 through 91 above with the same force and effect as if more fully set forth at length herein.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

4855-9792-1675, v. 2

96. Defendants deny the allegations in paragraph 96 of the Complaint.

**AND AS FOR AN EIGHTH CLAIM FOR RELIEF**
**NEGLIGENCE, NEGLIGENT INFLICTION OF EMOTION DISTRESS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, TRESPASS, TRESPASS**
**TO CHATTELS – NY STATE COMMON LAW CLAIMS**

97. In response to paragraph 97 of the Complaint, Defendants repeat and reallege each admission, denial and denial upon knowledge and information or belief set forth in paragraphs 1 through 96 above with the same force and effect as if more fully set forth at length herein.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants deny the allegations in paragraph 99 of the Complaint.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants deny the allegations in paragraph 101 of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

1. Plaintiffs fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

2. Plaintiffs' claims are untimely under the applicable statutes of limitations and/or doctrine of laches and, therefore, barred as a matter of law.

**Third Affirmative Defense**

3. Plaintiffs failed to mitigate their damages, if any.

**Fourth Affirmative Defense**

4. Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

**Fifth Affirmative Defense**

5. Defendant Trejo entered the subject premises with the requisite consent.

### Sixth Affirmative Defense

6. Exigent circumstances existed that necessitated the Defendants' actions.

### Seventh Affirmative Defense

7. "Special needs" existed that necessitated the Defendants' actions.

### Eighth Affirmative Defense

8. The individual Defendants are entitled to qualified immunity.

### Ninth Affirmative Defense

9. Plaintiffs' claims are barred by the doctrine of res judicata.

### Tenth Affirmative Defense

10. Plaintiffs' claims are barred by the doctrine of collateral estoppel.

### Eleventh Affirmative Defense

11. Plaintiffs lack standing to assert their purported claims.

### Twelfth Affirmative Defense

12. If Plaintiffs suffered any damages as a result of the facts alleged in their Complaint, which Defendants deny, Plaintiffs knowingly assumed the risk and were negligent, careless, and acted so as to contribute to any alleged risk of injures and damages. Plaintiffs' negligence, carelessness and fault bars in whole or in part the damages which Plaintiffs seeks to recover.

### Thirteenth Affirmative Defense

13. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not suffer any damages attributable to any allegedly wrongful conduct by Defendants, and/or any damages or injuries Plaintiff allegedly suffered were caused by Plaintiffs' own conduct or the conduct of third parties.

### Fourteenth Affirmative Defense

14. Plaintiffs failed to establish a custom or policy to support its *Monell* claim.

### Fifteenth Affirmative Defense

15. Defendants were not deliberately indifferent to Plaintiffs' rights.

### RIGHT TO AMEND AFFIRMATIVE DEFENSES

Defendants respectfully reserve the right to amend their Answer to assert additional affirmative defenses in the future and to supplement those asserted herein upon further investigation and discovery.

Dated: Hauppauge, New York
October 27, 2023

QUATELA | CHIMERI, PLLC

By: _____
Alexander E. Sendrowitz, Esq.
*Attorneys for Defendants*
888 Veterans Memorial Hwy., Ste. 530
Hauppauge, New York 11788
(631) 482-9700
AES@QCLaw.com